UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TAYLOR SIMONEAUX

                                                                        CIVIL ACTION

VERSUS

                                                                        NO. 23-411-JWD-RLB

THE SCION GROUP LLC, ET AL.

RULING AND ORDER

Before the Court is a *Motion to Dismiss* filed by Defendant Universal Protection Services, LLC d/b/a Allied Universal Security Services ("Defendant" or "Universal"). (Doc. 37.) Plaintiff Taylor Simoneaux ("Plaintiff" or "Simoneaux") opposes the motion (Doc. 43), and Defendant has filed a reply (Doc. 44). The Court has considered the law, facts in the record, and arguments and submissions of the parties and is prepared to rule. For the following reasons, Defendant's *Motion to Dismiss* is granted.

I.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (alteration in original) (quoting *Twombly*, 550 U.S. at 555). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and

1

construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.' " *Id.* (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.' " *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct].' " *Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

Additionally, "[i]n determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted). Court documents are matters of which this Court has taken judicial notice. *See Frampton v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 21-362, 2022 WL 90238, at *6 n.67 (M.D. La. Jan. 7, 2022) (deGravelles, J.) (citing *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, No. 18-517, 2020 WL 448231, at *8 (M.D.

2

La. Jan. 28, 2020) (deGravelles, J.); *Duncan v. Heinrich*, 591 B.R. 652, 655 n.2 (M.D. La. 2018) (deGravelles, J.)) (taking judicial notice of Court document as matter of public record in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6)).

II.    LAW AND ANALYSIS

This case arises out of a July 10, 2022 home invasion and attack on Plaintiff by Ronnie Finch, who was an employee of The Scion Group, LLC and University House Baton Rouge, LLC. (*Amend. Compl.*, Doc. 23 at 1.) In Defendant's memorandum in support, it argues that dismissal pursuant to Rule 12(b)(6) is warranted because Plaintiff's *Amended Complaint* is void of any factual allegations that state a cause of action against Universal. (Doc. 37-1 at 3.) The Court agrees with Defendant. The only relevant factual allegation Plaintiff makes with respect to Universal is as follows: "At all relevant times, including the date of this attack, Universal Protection Service, LLC contracted with University House Baton Rouge, LLC and/or The Scion Group, LLC to provide security services to the Ion Apartment Complex at 740 W. Chimes Street in Baton Rouge, Louisiana." (*Amend. Compl.*, Doc. 23 at 4, ¶ 25.) Assuming this factual allegation to be true, it is not enough on its own to state a cause of action against Universal.

In Plaintiff's opposition, she argues that the Court should deny the Defendant's *Motion to Dismiss* because she alleges the following in her *Amended Complaint*:

> As the security company, [Universal] had a duty to provide adequate security and protection for residents like Taylor Simoneaux. Doc. 23, ¶ 26. It had a duty to protect residents like Ms. Simoneaux from reasonably foreseeable criminal activity. Doc. 23, ¶ 27. It further had a duty to restrict access to the property by unauthorized persons. Doc. 23, ¶ 28.

(Doc. 43-1 at 3–4 (citing *Amend. Compl.*, Doc. 23 at 4, ¶¶ 26–28).) However, these are legal conclusions, not factual allegations. As such, the Court cannot consider them when assessing whether Plaintiff has stated a cognizable claim to survive a 12(b)(6) motion to dismiss. *See In re*

*Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. Therefore, Defendant's *Motion to Dismiss* is granted.

### III.    LEAVE TO AMEND

"Federal Rule of Civil Procedure 15(a) requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). "[A] court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1995). In *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, the court said:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

313 F.3d 305, 329 (5th Cir. 2002). Further:

> As the numerous case[s] . . . make clear, dismissal under Rule 12(b)(6) generally is not immediately final or on the merits because the district court normally will give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected. The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that the plaintiff be given every opportunity to cure a formal defect in the pleading. This is true even when the district judge doubts that the plaintiff will be able to overcome the shortcomings in the initial pleading. Thus, the cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim. A district court's refusal to allow leave to amend is reviewed for abuse of discretion by the court of appeals. A wise judicial practice (and one that is commonly followed) would be to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the district court will be able to determine conclusively on the face of a defective pleading whether the plaintiff actually can state a claim for relief.

*JMCB, LLC v. Bd. of Commerce & Indus.*, 336 F. Supp. 3d 620, 642 (M.D. La. 2018) (deGravelles, J.) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2016)).

Thus, the Court will, in accordance with wise judicial practice, allow Plaintiff leave to amend her *Amended Complaint* to cure the above deficiencies, if she can do so. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 519 (M.D. La. 2021) (deGravelles, J.) (citing, *inter alia*, *Fetty v. La. State Bd. of Priv. Sec. Exam'rs*, 611 F. Supp. 3d 230, 250 (M.D. La. 2020) (deGravelles, J.)).

While Plaintiff is given leave to amend, the Court must emphasize Plaintiff counsel's Rule 11 obligations. The Court is giving leave to amend in order to afford Plaintiff every opportunity to state a viable claim. But, if the Court finds that an amendment is brought in bad faith, or that there is not a good faith basis in law or fact for same, then the Court will consider an award of sanctions, including attorney's fees.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss* filed by Defendant Universal Protection Services, LLC d/b/a Allied Universal Security Services (Doc. 37) is **GRANTED,** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall have twenty-eight (28) days from the Court's ruling on the *Motion to Dismiss* (Doc. 37) in which to cure the above deficiencies if same can, in good faith, be cured. If Plaintiff fails to do so, all remaining deficient claims will be dismissed with prejudice.

Signed in Baton Rouge, Louisiana, on <u>August 1, 2024</u>.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**